UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA J. and JESSE N. PUGH,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR WORLD SAVINGS REMIC 24, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-24 TRUST,<br><br>Defendants. | No. 2:13-cv-01617-GEB-DAD<br><br>**ORDER** |

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of all claims alleged against it in Plaintiffs' Verified Complaint. Plaintiffs allege claims against Wells Fargo under California law and under the federal Fair Debt Collection Practice Act ("FDCPA").

**I. JURISDICTION**

Subject matter jurisdiction is examined since a federal court has a "duty" to ensure it has subject matter jurisdiction over an action. United Investors Life Ins. Co. v. Waddell & Reed

1

Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction . . . sua sponte, whether the parties raised the issue or not"). Plaintiffs assert subject matter jurisdiction is premised on diversity of citizenship. (Verified Compl. ("Compl."), ECF No. 2, ¶ 4.) Specifically, Plaintiffs aver they "reside, and are domiciled, in California" (Id. ¶ 1); Defendant Bank of New York Mellon "is incorporated in the State of Delaware" and "its main offices" are "located" in New York (Id. ¶ 3); and Defendant Wells Fargo's "main office [is] located in Sioux Falls, South Dakota as designated in its Articles of Association." (Id. ¶ 2.)

However, complete diversity does not exist between Plaintiffs and all Defendants because this Court has previously determined that Wells Fargo Bank, N.A. is "a citizen of California as well as a citizen of South Dakota." Gosal v. Wells Fargo Bank, N.A., No. 2:12-cv-02024-GEB-CKD, 2012 WL 4961696, at *2 (E.D. Cal. Oct. 15, 2012) (quoting Taheny v. Wells Fargo Bank, N.A., 878 F. Supp. 2d 1093, 1109 (E.D. Cal. 2012) (relying on Am. Sur. Co. v. Bank of Cal., 133 F.2d 160, 162 (9th Cir. 1943)). Therefore, subject matter jurisdiction is not premised on diversity jurisdiction.

However, "in determining the existence of subject matter jurisdiction, a federal court is not limited to the jurisdictional statutes identified in the complaint. If facts giving the court jurisdiction are set forth in the complaint, the provision conferring jurisdiction need not be specifically pleaded." K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024,

1027 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted). Plaintiffs' claims under the FDCPA confer federal-question subject matter jurisdiction, and therefore 28 U.S.C. § 1367 provides supplemental jurisdiction over Plaintiffs state claims. The portion of the motion challenging Plaintiffs' FDCPA claims will thus be decided first.

## II. LEGAL STANDARD

Decision on Defendant's Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation omitted) (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678

(stating "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'" (quoting Twombly, 550 U.S. at 555)).

### III. FACTUAL AVERMENTS

Plaintiffs' averments in the Complaint germane to their FDCPA claims are the following. "On July 13, 2006, Plaintiffs executed a Deed of Trust and Adjustable Rate Note 'Pick-A-Payment Loan.'" (Compl. ¶ 5.) "The original lender and loan servicer was World Savings Bank FSB and the trustee was Golden West Savings Association Service Company." (Id.)

"Golden West Financial Corporation was the parent company of World Savings Bank, FSB," the original lender and servicer. (Id. ¶ 6.) "On or about May 6, 2007, Wachovia Bank acquired Golden West Financial." (Id.) "After Wells Fargo Bank, N.A. acquired Wachovia in 2008, Wells Fargo Home Mortgage, a division of Wells Fargo, assumed the role of servicer of Plaintiffs' loan." (Id. ¶ 7.)

Plaintiffs assert that Wells Fargo violated 28 U.S.C. § 1692e of the FDCPA, which prohibits false or misleading representations, and § 1692f of the FDCPA, which prohibits unfair practices, because letters "sent by Wells Fargo" and "identif[ying] Wells Fargo Home Mortgage" "contain false representations of [Well's Fargo's] standing to pursue foreclosure activity against Plaintiffs and to collect mortgage payments and associated fees and costs from them." (Id. ¶ 37.)

### IV. DISCUSSION

**A. Fair Debt Collection Practices Act**

Wells Fargo argues, inter alia, that Plaintiffs' FDCPA

4

claims should be dismissed with prejudice "because Wells Fargo is not a 'debt collector' within the meaning of the FDCPA." (Wells Fargo's Notice Mot. & Mot. Dismiss Compl., 15:17-18, ECF No. 7.)

Section 1692e prescribes: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f prescribes: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." "Because these prohibitions apply only to 'debt collector[s]' as defined by the FDCPA, the [C]omplaint must 'plead factual content that allows the court to draw the reasonable inference' that Wells Fargo is a debt collector." Schlegel v. Wells Fargo Bank, N.A., 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

The statutory term "debt collector" "does not include . . . (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a <u>debt</u> which was not in default at the time <u>it was obtained by such person</u>." 15 U.S.C. § 1692a(6) (emphasis added).

Plaintiffs' averments in their Complaint evince that Wells Fargo obtained Plaintiffs' debt through its acquisition of Plaintiffs' previous debt creditor. Specifically, Plaintiffs aver their "original lender . . . was World Savings Bank FSB." (Compl. ¶ 5.) Plaintiffs further aver:

> Golden West Financial Corporation was the parent company of World Savings Bank, FSB . . . . On or about May 6, 2007, Wachovia Bank acquired Golden West Financial. The integration process, which included World

5

|   |   |
|---|---|
| 1 | Savings Bank, was completed in mid-2008. Wells Fargo Bank acquired Wachovia in the same year. |
| 2 | |

(Id. ¶ 6.) Plaintiffs' averments concerning Wells Fargo's acquisition of Wachovia establish that Wells Fargo "is not only much like the original creditor, it *is* the original creditor." Dues v. Capital One, N.A., No. 11-cv-11808, 2011 WL 3799762, at *4 (E.D. Mich. Aug. 8, 2011) (internal quotation marks omitted). Therefore, Wells Fargo obtained Plaintiffs' debt when World Savings Bank, "its predecessor in interest," "obtained the debt." Esquivel v. Bank of Am., N.A., No 12-cv-02502-GEB-KJN, 2013 WL 682925, at *2 (E.D. Cal. Feb. 21, 2013) (citing Meyer v. Citimortgage, Inc., No. 11-13432, 2012 WL 511995, at *7 ("[Defendant] is the successor by merger to . . . the originating lender and mortgagee, and therefore it is impossible for the loan to have been in default at the time [defendant] received its interest.")); see also Brown v. Morris, 243 Fed. App'x 31, 34-35 (5th Cir. 2007) (holding that since defendant mortgage company acquired plaintiff's loan "through its merger with [plaintiff's] previous mortgage company," defendant "did *not* 'obtain' [plaintiff's] mortgage while it was in default").

The averments in Plaintiffs' Complaint evince that Wells Fargo is not a "debt collector" as Plaintiffs assert. Therefore, Plaintiffs' claims averred under the FDCPA will be dismissed. However, since Wells Fargo seeks dismissal of these claims with prejudice, the issue remains whether Plaintiffs should be provided leave to amend any dismissed FDCPA claim. The averments in Plaintiffs' Complaint and the arguments in Plaintiffs' opposition brief reveal that providing Plaintiffs

with leave to amend their claims alleged against Wells Fargo under the FDCPA would be futile. Therefore, Plaintiffs' claims alleged against Wells Fargo under the FDCPA are dismissed with prejudice. See Bonin v. Calederon, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

### B. Supplemental Jurisdiction Over State Claims

Since Plaintiffs' federal claims have been dismissed with prejudice, the Court may sua sponte decide whether to continue exercising supplemental jurisdiction over Plaintiffs' state claims. 28 U.S.C. § 1367(c). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over [state] claim[s]" when "the district court has dismissed all claims over which it has original jurisdiction." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values 'of economy, convenience, fairness, and comity'" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

Judicial economy does not favor continuing to exercise supplemental jurisdiction, since the investment of judicial energy does not justify retention of jurisdiction over the state claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss

the claims without prejudice." (citation omitted)). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; accord Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) ("In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims."). Therefore, Plaintiffs' state claims are dismissed under 28 U.S.C. § 1367(c)(3) on the date on which this order is filed.

### V. CONCLUSION

For the stated reasons, judgment shall be entered in favor of Defendant Wells Fargo Bank, N.A. on Plaintiffs' claims alleged under the Federal Debt Collection Practices Act. Plaintiffs' state claims are dismissed under 28 U.S.C. § 1367(c)(3).

Dated: October 17, 2013

GARLAND E. BURRELL, JR.
Senior United States District Judge