UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NORMA J. and JESSE N. PUGH,

       Plaintiff,

   v.

WELLS FARGO BANK, N.A.; THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR WORLD SAVINGS REMIC 24, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-24 TRUST,

       Defendants.

No.  2:13-cv-01617-GEB-DAD

**ORDER**

      Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for dismissal of all claims alleged against it in Plaintiffs' Verified Complaint. Plaintiffs allege claims against Wells Fargo under California law and under the federal Fair Debt Collection Practice Act ("FDCPA").

**I. JURISDICTION**

      Subject matter jurisdiction is examined since a federal court has a "duty" to ensure it has subject matter jurisdiction over an action. United Investors Life Ins. Co. v. Waddell & Reed

1

1  Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the
2  district court had a duty to establish subject matter
3  jurisdiction . . . sua sponte, whether the parties raised the
4  issue or not"). Plaintiffs assert subject matter jurisdiction is
5  premised on diversity of citizenship. (Verified Compl.
6  ("Compl."), ECF No. 2, ¶ 4.) Specifically, Plaintiffs aver they
7  "reside, and are domiciled, in California" (Id. ¶ 1); Defendant
8  Bank of New York Mellon "is incorporated in the State of
9  Delaware" and "its main offices" are "located" in New York (Id.
10  ¶ 3); and Defendant Wells Fargo's "main office [is] located in
11  Sioux Falls, South Dakota as designated in its Articles of
12  Association." (Id. ¶ 2.)

13      However, complete diversity does not exist between
14  Plaintiffs and all Defendants because this Court has previously
15  determined that Wells Fargo Bank, N.A. is "a citizen of
16  California as well as a citizen of South Dakota." Gosal v. Wells
17  Fargo Bank, N.A., No. 2:12-cv-02024-GEB-CKD, 2012 WL 4961696, at
18  *2 (E.D. Cal. Oct. 15, 2012) (quoting Taheny v. Wells Fargo Bank,
19  N.A., 878 F. Supp. 2d 1093, 1109 (E.D. Cal. 2012) (relying on Am.
20  Sur. Co. v. Bank of Cal., 133 F.2d 160, 162 (9th Cir. 1943)).
21  Therefore, subject matter jurisdiction is not premised on
22  diversity jurisdiction.

23      However, "in determining the existence of subject
24  matter jurisdiction, a federal court is not limited to the
25  jurisdictional statutes identified in the complaint. If facts
26  giving the court jurisdiction are set forth in the complaint, the
27  provision conferring jurisdiction need not be specifically
28  pleaded." K2 Am. Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024,

1027 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted). Plaintiffs' claims under the FDCPA confer federal-question subject matter jurisdiction, and therefore 28 U.S.C. § 1367 provides supplemental jurisdiction over Plaintiffs state claims. The portion of the motion challenging Plaintiffs' FDCPA claims will thus be decided first.

## II. LEGAL STANDARD

Decision on Defendant's Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation omitted) (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation omitted) (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678

3

1  (stating "[a] pleading that offers 'labels and conclusions' or 'a

2  formulaic recitation of the elements of a cause of action will

3  not do'" (quoting Twombly, 550 U.S. at 555)).

4  ### III.  FACTUAL AVERMENTS

5  Plaintiffs' averments in the Complaint germane to their

6  FDCPA claims are the following. "On July 13, 2006, Plaintiffs

7  executed a Deed of Trust and Adjustable Rate Note 'Pick-A-Payment

8  Loan.'" (Compl. ¶ 5.) "The original lender and loan servicer was

9  World Savings Bank FSB and the trustee was Golden West Savings

10  Association Service Company." (Id.)

11  "Golden West Financial Corporation was the parent

12  company of World Savings Bank, FSB," the original lender and

13  servicer. (Id. ¶ 6.) "On or about May 6, 2007, Wachovia Bank

14  acquired Golden West Financial." (Id.) "After Wells Fargo Bank,

15  N.A. acquired Wachovia in 2008, Wells Fargo Home Mortgage, a

16  division of Wells Fargo, assumed the role of servicer of

17  Plaintiffs' loan." (Id. ¶ 7.)

18  Plaintiffs assert that Wells Fargo violated 28 U.S.C.

19  § 1692e of the FDCPA, which prohibits false or misleading

20  representations, and § 1692f of the FDCPA, which prohibits unfair

21  practices, because letters "sent by Wells Fargo" and

22  "identif[ing] Wells Fargo Home Mortgage" "contain false

23  representations of [Well's Fargo's] standing to pursue

24  foreclosure activity against Plaintiffs and to collect mortgage

25  payments and associated fees and costs from them." (Id. ¶ 37.)

26  ### IV. DISCUSSION

27  #### A. Fair Debt Collection Practices Act

28  Wells Fargo argues, inter alia, that Plaintiffs' FDCPA

1   claims should be dismissed with prejudice "because Wells Fargo is

2   not a 'debt collector' within the meaning of the FDCPA." (Wells

3   Fargo's Notice Mot. & Mot. Dismiss Compl., 15:17-18, ECF No. 7.)

4       Section 1692e prescribes: "A debt collector may not use

5   any false, deceptive, or misleading representation or means in

6   connection with the collection of any debt." Section 1692f

7   prescribes: "A debt collector may not use unfair or

8   unconscionable means to collect or attempt to collect any debt."

9   "Because these prohibitions apply only to 'debt collector[s]' as

10  defined by the FDCPA, the [C]omplaint must 'plead factual content

11  that allows the court to draw the reasonable inference' that

12  Wells Fargo is a debt collector." Schlegel v. Wells Fargo Bank,

13  N.A., 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting Iqbal, 556

14  U.S. at 678).

15      The statutory term "debt collector" "does not include

16  . . . (F) any person collecting or attempting to collect any debt

17  owed or due or asserted to be owed or due another to the extent

18  such activity . . . concerns a debt which was not in default at

19  the time it was obtained by such person." 15 U.S.C. § 1692a(6)

20  (emphasis added).

21      Plaintiffs' averments in their Complaint evince that

22  Wells Fargo obtained Plaintiffs' debt through its acquisition of

23  Plaintiffs' previous debt creditor. Specifically, Plaintiffs aver

24  their "original lender . . . was World Savings Bank FSB." (Compl.

25  ¶ 5.) Plaintiffs further aver:

26          Golden West Financial Corporation was the
            parent company of World Savings Bank,
27          FSB . . . . On or about May 6, 2007, Wachovia
            Bank acquired Golden West Financial. The
28          integration process, which included World

                                5

Savings Bank, was completed in mid-2008.
Wells Fargo Bank acquired Wachovia in the
same year.

(Id. ¶ 6.) Plaintiffs' averments concerning Wells Fargo's acquisition of Wachovia establish that Wells Fargo "is not only much like the original creditor, it is the original creditor." Dues v. Capital One, N.A., No. 11-cv-11808, 2011 WL 3799762, at *4 (E.D. Mich. Aug. 8, 2011) (internal quotation marks omitted). Therefore, Wells Fargo obtained Plaintiffs' debt when World Savings Bank, "its predecessor in interest," "obtained the debt." Esquivel v. Bank of Am., N.A., No 12-cv-02502-GEB-KJN, 2013 WL 682925, at *2 (E.D. Cal. Feb. 21, 2013) (citing Meyer v. Citimortgage, Inc., No. 11-13432, 2012 WL 511995, at *7 ("[Defendant] is the successor by merger to . . . the originating lender and mortgagee, and therefore it is impossible for the loan to have been in default at the time [defendant] received its interest.")); see also Brown v. Morris, 243 Fed. App'x 31, 34-35 (5th Cir. 2007) (holding that since defendant mortgage company acquired plaintiff's loan "through its merger with [plaintiff's] previous mortgage company," defendant "did not 'obtain' [plaintiff's] mortgage while it was in default").

The averments in Plaintiffs' Complaint evince that Wells Fargo is not a "debt collector" as Plaintiffs assert. Therefore, Plaintiffs' claims averred under the FDCPA will be dismissed. However, since Wells Fargo seeks dismissal of these claims with prejudice, the issue remains whether Plaintiffs should be provided leave to amend any dismissed FDCPA claim. The averments in Plaintiffs' Complaint and the arguments in Plaintiffs' opposition brief reveal that providing Plaintiffs

6

1    with leave to amend their claims alleged against Wells Fargo

2    under the FDCPA would be futile. Therefore, Plaintiffs' claims

3    alleged against Wells Fargo under the FDCPA are dismissed with

4    prejudice. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir.

5    1995) ("Futility of amendment can, by itself, justify the denial

6    of . . . leave to amend.").

7         **B. Supplemental Jurisdiction Over State Claims**

8         Since Plaintiffs' federal claims have been dismissed

9    with prejudice, the Court may sua sponte decide whether to

10   continue exercising supplemental jurisdiction over Plaintiffs'

11   state claims. 28 U.S.C. § 1367(c). Under 28 U.S.C. § 1367(c)(3),

12   a district court "may decline to exercise supplemental

13   jurisdiction over [state] claim[s]" when "the district court has

14   dismissed all claims over which it has original jurisdiction."

15   "While discretion to decline . . . supplemental jurisdiction over

16   state law claims is triggered by the presence of one of the

17   conditions in § 1367(c), it is informed by the . . . values 'of

18   economy, convenience, fairness, and comity'" as delineated by the

19   Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S.

20   715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001

21   (9th Cir. 1997).

22        Judicial economy does not favor continuing to exercise

23   supplemental jurisdiction, since the investment of judicial

24   energy does not justify retention of jurisdiction over the state

25   claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986)

26   ("[T]he district court, of course, has the discretion to

27   determine whether its investment of judicial energy justifies

28   retention of jurisdiction or if it should more properly dismiss

the claims without prejudice." (citation omitted)). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; accord Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) ("In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims."). Therefore, Plaintiffs' state claims are dismissed under 28 U.S.C. § 1367(c)(3) on the date on which this order is filed.

## V. CONCLUSION

For the stated reasons, judgment shall be entered in favor of Defendant Wells Fargo Bank, N.A. on Plaintiffs' claims alleged under the Federal Debt Collection Practices Act. Plaintiffs' state claims are dismissed under 28 U.S.C. § 1367(c)(3).

Dated:  October 17, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge